```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

GRACE NWOKEJI-IWUALA            )
          Plaintiff,            )
                                ) C.A. No. 04-12555-DPW
     v.                         )
                                )
ROXBURY MULTI-SERVICE CENTER,   )
          Defendant.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's application to proceed without prepayment of fees is denied without prejudice. If plaintiff submits a new, fully-completed application to proceed without prepayment of the filing fee, she shall also demonstrate good cause why this action should not be dismissed for the reasons stated below.

BACKGROUND

On December 1, 2004, plaintiff Grace Nwokeji-Iwuala, a resident of Roxbury, Massachusetts, filed an application to proceed without prepayment of the filing fee and a complaint against her former employer.

Plaintiff's complaint consists primarily of a recounting of events surrounding the termination of plaintiff's employment as well as her efforts to secure unemployment benefits. See Complaint, generally. Plaintiff seems to indicate that after her termination she filed an application for unemployment compensation benefits. Id. Plaintiff complains that during

the hearing, the interviewer "did not give [plaintiff a] chance to state [her] own side of the story."  <u>Id.</u> at p.4.  Plaintiff appears to be aggrieved by the post-hearing decision and alleges that she was directed to bring her appeal "to Massachusetts District Court."  <u>Id.</u>

<u>DISCUSSION</u>

I.  <u>The Application to Proceed Without Prepayment of Fees</u>

A party filing a civil action in this Court must either (1) pay the $150 filing fee for civil actions or (2) seek to be granted <u>in forma pauperis</u> by filing an application to proceed without prepayment of the filing fee.  <u>See</u> 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings <u>in forma pauperis</u>).  For the convenience of litigants, this Court provides a standardized, double-sided form for fee waiver applications entitled "Application to Proceed Without Prepayment of the Filing Fee and Affidavit."

Plaintiff failed to fully answer questions two and four on the application to proceed without prepayment of fees.  <u>See</u> Application, Docket No. 1.  Question two on the form asks litigants if they are employed.  <u>See</u> Question No. 2.  Although plaintiff reveals the fact that she is not employed, she has failed to reveal the date of her last employment, the amount of her take-home salary or wages and pay period, and the name

of her last employer. See Question No. 2(b). Question four on the form asks litigants if they have any cash or checking or savings accounts, and if so, the total amount. See Question No. 4. Plaintiff failed to answer question four.

Because the application is incomplete, I cannot make a determination whether plaintiff qualifies for in forma pauperis status and will deny it without prejudice. I will grant plaintiff additional time to submit a new, fully-completed application.

   II. The Court May Screen This Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.. See 28 U.S.C. § 1915. A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).

In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based

on an indisputably meritless legal theory or factual allegations that are clearly baseless.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992)  Here, plaintiff's claims are subject to dismissal.

    A.   <u>Plaintiff Must Seek Judicial Review in State Court</u>

    To the extent plaintiff seeks judicial review of the denial of her application for unemployment compensation, plaintiff must seek judicial review in state court.  Section 42 of Chapter 151A of the Massachusetts General Laws sets forth the procedures and deadlines that govern applications for judicial review, including a requirement that an aggrieved party may petition the district court for the district in which he resides, was last employed, or has a usual place of business, within thirty days after mailing of the notice of the decision.  <u>See</u> M.G.L. ch. 151A, § 42 (judicial review; procedures; appeals; rules).  Here, plaintiff appears to have mistakenly filed her complaint in this United States District Court rather than a state district court as required by state statute.  Plaintiff may have intended to file this action in the Massachusetts District Court, Roxbury Division, 85 Warren Street, Roxbury, Massachusetts.

    B.   <u>Rule 11</u>

    Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading . . . if the party is not

represented by an attorney, shall be signed by the party." <u>See</u> Fed. R. Civ. P. Rule 11(a); <u>see</u> also District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court.").

Plaintiff failed to sign her complaint. Because plaintiff's complaint does not contain her signature, it is subject to dismissal. If plaintiff wishes to proceed with this action, she shall file with the Court, within thirty-five (35) days of the date of this Order, a copy of the complaint containing plaintiff's original signature.

## CONCLUSION

ACCORDINGLY, plaintiff's application to proceed without prepayment of fees is DENIED without prejudice. If plaintiff wishes to proceed with this action, she shall, within 35 days of the date of this Order, (1) submit a new, fully completed application to proceed without prepayment of fees and (2) demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated above. If plaintiff fails to submit a new application or demonstrate good cause, this

action will be dismissed without prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this  10th day of December, 2004.

```
                                /s/ Douglas P. Woodlock
                                DOUGLAS P. WOODLOCK
                                UNITED STATES DISTRICT JUDGE
```