```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

GRACE NWOKEJI-IWUALA            )
          Plaintiff,            )
                                ) C.A. No. 04-12555-DPW
     v.                         )
                                )
ROXBURY MULTI-SERVICE CENTER,   )
          Defendant.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's new application to proceed without prepayment of fees is granted and, because plaintiff failed to demonstrate good cause why this action should not be dismissed, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2).

DISCUSSION

By Order dated December 10, 2004, I directed plaintiff Grace Nwokeji-Iwuala to submit a new, fully-completed application to proceed without prepayment of the filing fee and to also demonstrate good cause why this action should not be dismissed.

The Order stated, among other things, that plaintiff appears to have mistakenly filed her complaint seeking judicial review of the denial of her application for unemployment compensation in this United States District Court rather than a state district court.  Section 42 of Chapter 151A of the Massachusetts General Laws sets forth the procedures and deadlines that govern applications for judicial review, including a requirement that an aggrieved party may petition the district court for the district in which she resides, was last employed, or has a usual place of

business, within thirty days after mailing of the notice of the decision.  <u>See</u> M.G.L. ch. 151A, § 42 (judicial review; procedures; appeals; rules).

In response to the December 2004 Order, Nwokeji-Iwuala timely filed a new application and a one-page letter.  <u>See</u> Docket No. 4 (letter), No. 5 (application).  Her application is accompanied by several documents, including a one-page bank statement.[1]  Plaintiff's application indicates (1) she was last employed in October 2004; (2) she has $177; (3) she owns real estate valued at $250,000; (4) she owns a car for which she is obligated to make monthly payments of $668; and (5) she has several minors (two daughters, two nieces and one nephew) dependent upon plaintiff for partial and/or full support.  Although plaintiff owns valuable real estate, she has no current source of income and less than $200 in her bank account.  Based upon this record, I grant plaintiff's application.

To the extent plaintiff attempts to demonstrate good cause why her case should not be dismissed, she has failed to do so. Her one-page letter addresses primarily her current financial condition.  The letter does include a request for a court appointed lawyer, however, she does not demonstrate any reason

---

[1] Pursuant to Local Rule 5.3 (personal data identifiers), only the last four digits of an individual's financial account number should be used in court filings.  <u>See</u> District of Massachusetts Local Rule 5.3(A)(4).  The Clerk will be directed to redact the account information from the bank statement.

why this action should not be dismissed.  Thus, I find that plaintiff has failed to demonstrate good cause why this action should not be dismissed.

ORDER

Based upon the foregoing, it is hereby

ORDERED, plaintiff's Application to Proceed Without Prepayment of Fees (Docket No. 5) is Granted; and it is further

ORDERED, the Clerk shall redact the bank statement accompanying plaintiff's application so that it lists only the last four digits of her account number, in accordance with the requirements of Local Rule 5.3(4) (effective May 6, 2003); and it is further

ORDERED, in accordance with this Court's order dated December 10, 2004, and the plaintiff not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2), it is ORDERED that the within action be and it is hereby DISMISSED for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>11th</u> day of <u>May</u>, 2005.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE